**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHELLEY VOELKEL** and
**ANNIE VOELKEL,**

    **Plaintiffs,**

                                            **Case No:**

**v.**

**NAVIENT SOLUTIONS, LLC,**

                                           **DEMAND FOR JURY TRIAL**

    **Defendant.**

_____/

**PLAINTIFFS' COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

    **COME NOW**, Plaintiffs, **SHELLEY VOELKEL** ("Ms. Shelley Voelkel) and **ANNIE VOELKEL** ("Ms. Annie Voelkel") (collectively "Ms. Shelley Voelkel and Ms. Annie Voelkel" or "Plaintiffs"), by and through the undersigned counsel, and hereby sue and file this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **NAVIENT SOLUTIONS, LLC** ("Defendant"), and in support thereof state as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Annie Voelkel's Cellular Telephone after Ms. Annie

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **1** of **15**

Voelkel demanded that Defendant stop calling her Cellular Telephone because she could not afford to pay the alleged Debt, by continuing to call Ms. Shelley Voelkel's Cellular Telephone after she demand Defendant stop calling her Cellular Telephone, and by calling Ms. Shelley Voelkel's employer without Ms. Shelley Voelkel's prior written permission and by continuing to call Ms. Shelley Voelkel's employer after Ms. Shelley Voelkel demanded Defendant to stop calling her employer, which can all reasonably be expected to harass Ms. Shelley Voelkel and Ms. Annie Voelkel.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Shelley Voelkel, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Plaintiff, Ms. Annie Voelkel, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **2** of **15**

6. Ms. Shelley Voelkel is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 317-***-8555 ("Ms. Shelley Voelkel's Cellular Telephone").

7. Ms. Annie Voelkel is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 317-***-3804 ("Ms. Annie Voelkel's Cellular Telephone").

8. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of VA, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

9. Ms. Shelley Voelkel opened a student loan account with Defendant ("Account").

10. Ms. Annie Voelkel cosigned on the Account.

11. Sometime thereafter, Ms. Shelley Voelkel encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

12. Defendant then began placing calls to Ms. Shelley Voelkel's Cellular Telephone in attempts to collect the Debt.

13. Defendant also began placing calls to Ms. Annie Voelkel's Cellular Telephone in attempts to collect the Debt.

14. Ms. Shelley Voelkel spoke with Defendant in or around June of 2018 and demanded Defendant stop her Cellular Telephones.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **3** of **15**

15. Ms. Annie Voelkel also spoke with Defendant in or around June of 2018 and explained to Defendant that she could not afford to pay the Debt because she is medically disabled and demanded Defendant stop her Cellular Telephones.

16. Despite Ms. Shelley Voelkel's and Ms. Annie Voelkel's demands, Defendant continued to place calls to their Cellular Telephones in attempts to collect the Debt.

17. Despite Ms. Shelley Voelkel's demand to not call her Cellular Telephone, Defendant continued to place calls to Ms. Shelley Voelkel's Cellular Telephone in attempts to collect the Debt.

18. Defendant has called Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone at least fifty (50) times during the time period from July of 2018 to the present date.

19. Defendant called Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone from several different telephone numbers, including, but not limited to: 615-432-4238, 513-914-4621, 765-283-3230, and 866-517-3093.

20. All of Defendant's calls to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone were placed in an attempt to collect the Debt.

21. Defendant also began to call Ms. Shelley Voelkel's work telephone, at 727-\*\*\*-7376 ("Ms. Shelley Voelkel's Work Telephone"), in attempts to collect the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **4** of **15**

22. After Defendant called Ms. Shelley Voelkel's Work Telephone, Ms. Shelley Voelkel immediately contacted Defendant and demanded that Defendant stop calling her Work Telephone.

23. Despite Ms. Shelley Voelkel's demand to not call her Work Telephone, Defendant continued to place calls to Ms. Shelley Voelkel's Work Telephone in attempts to collect the Debt.

24. All of Defendant's calls to Ms. Shelley Voelkel's Work Telephone were placed in an attempt to collect the Debt.

25. Defendant has harassed Ms. Shelley Voelkel due to the timing and frequency of Defendant's calls.

26. Defendant has harassed Ms. Annie Voelkel due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

27. Ms. Shelley Voelkel and Ms. Annie Voelkel re-allege paragraphs 1-26 and incorporate the same herein by reference.

28. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **5** of **15**

29. Ms. Shelley Voelkel and Ms. Annie Voelkel revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message when they expressly told Defendant to stop calling their Cellular Telephones in or around June of 2018.

30. Despite this revocation of consent, Defendant thereafter called Ms. Shelley Voelkel Cellular Telephone and Ms. Annie Voelkel Cellular Telephone at least fifty (50) times.

31. Defendant did not place any emergency calls to Ms. Shelley Voelkel's Cellular Telephone or Ms. Annie Voelkel's Cellular Telephone.

32. Defendant willfully and knowingly placed non-emergency calls to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

33. Ms. Shelley Voelkel and Ms. Annie Voelkel knew that Defendant called their Cellular Telephones using an ATDS because they heard a pause when they answered at least one of the first few calls from Defendant on their Cellular Telephones before a live representative of Defendant came on the line.

34. Ms. Shelley Voelkel and Ms. Annie Voelkel knew that Defendant called their Cellular Telephones using a prerecorded voice because Defendant left Ms. Shelley Voelkel and Ms. Annie Voelkel at least one voicemail using a prerecorded voice.

35. Defendant used an ATDS when it placed at least one call to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **6** of **15**

36. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

39. At least one call that Defendant placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

40. At least one call that Defendant placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

41. At least one call that Defendant placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

42. At least one call that Defendant placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **7** of 15

43. At least one call that Defendant placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone was made using a prerecorded voice.

44. Defendant has recorded at least one conversation with Ms. Shelley Voelkel and Ms. Annie Voelkel.

45. Defendant has recorded more than one conversation with Ms. Shelley Voelkel and Ms. Annie Voelkel.

46. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Shelley Voelkel and Ms. Annie Voelkel for its financial gain.

47. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

48. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Shelley Voelkel and Ms. Annie Voelkel despite individuals like Ms. Shelley Voelkel and Ms. Annie Voelkel revoking any consent that Defendant believes it may have to place such calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **8** of **15**

49. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Shelley Voelkel's Cellular Telephone and Ms. Annie Voelkel's Cellular Telephone.

50. Defendant has corporate policies to abuse and harass consumers like Ms. Shelley Voelkel and Ms. Annie Voelkel.

51. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

52. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

53. Defendant's phone calls harmed Ms. Shelley Voelkel and Ms. Annie Voelkel by causing them embarrassment.

54. Defendant's phone calls harmed Ms. Shelley Voelkel and Ms. Annie Voelkel by causing them emotional distress.

55. Defendant's phone calls harmed Ms. Shelley Voelkel and Ms. Annie Voelkel by being a nuisance and causing them aggravation.

56. Defendant's phone calls harmed Ms. Shelley Voelkel and Ms. Annie Voelkel by causing them stress.

57. Defendant's phone calls harmed Ms. Shelley Voelkel and Ms. Annie Voelkel by invading their privacy.

58. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **9** of **15**

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

59. Ms. Shelley Voelkel re-alleges paragraphs 1-26 and incorporates the same herein by reference.

60. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(4) by contacting Ms. Shelley Voelkel's employer before obtaining final judgment against Ms. Shelley Voelkel and when Ms. Shelley Voelkel had never given her permission in writing to contact her employer.

b. Defendant violated Fla. Stat. § 559.72(5) by disclosing to a Ms. Shelley Voelkel's employer information affecting the Ms. Voelkel's reputation, whether or not for credit

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **10** of **15**

       worthiness, with knowledge or reason to know that the Ms. Shelley Voelkel's employer does not have a legitimate business need for the information or that the information is false.

   c. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Shelley Voelkel's Cellular Telephone despite Ms. Shelley Voelkel's demand that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Shelley Voelkel.

   d. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Shelley Voelkel's Work Telephone despite Ms. Shelley Voelkel's demand that Defendant stop calling her Work Telephone, which can reasonably be expected to harass Ms. Shelley Voelkel.

61. As a result of the above violations of the FCCPA, Ms. Shelley Voelkel has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

62. Defendant's phone calls harmed Ms. Shelley Voelkel by causing her embarrassment.

63. Defendant's phone calls harmed Ms. Shelley Voelkel by causing her emotional distress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **11** of **15**

64. Defendant's phone calls harmed Ms. Shelley Voelkel by being a nuisance and causing her aggravation.

65. Defendant's phone calls harmed Ms. Shelley Voelkel by causing stress.

66. Defendant's phone calls harmed Ms. Shelley Voelkel by invading her privacy.

67. It has been necessary for Ms. Shelley Voelkel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

68. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

69. Ms. Annie Voelkel re-alleges paragraphs 1-26 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **12** of **15**

70. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Annie Voelkel's Cellular Telephone despite Ms. Annie Voelkel's demand that Defendant stop calling her Cellular Telephone and notification that she could not afford payment because she is medically disabled, which can reasonably be expected to harass Ms. Annie Voelkel.

71. As a result of the above violations of the FCCPA, Ms. Annie Voelkel has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

72. Defendant's phone calls harmed Ms. Annie Voelkel by causing her embarrassment.

73. Defendant's phone calls harmed Ms. Annie Voelkel by causing her emotional distress.

74. Defendant's phone calls harmed Ms. Annie Voelkel by being a nuisance and causing her aggravation.

75. Defendant's phone calls harmed Ms. Annie Voelkel by causing stress.

76. Defendant's phone calls harmed Ms. Annie Voelkel by invading her privacy.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **13** of **15**

77. It has been necessary for Ms. Annie Voelkel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

78. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, Shelley Voelkel and Annie Voelkel, demand a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **14** of **15**

Respectfully submitted this **August 30, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel and Voelkel v. Navient Solutions, LLC*
Page **15** of **15**